# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-00305-01-CR-W-FJG |
| JOSE MARICIO BONILLA-SICILIANO, | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion to Suppress Identity Evidence (Doc. # 66) and defendant's Motion in Limine (Doc. # 86).

On April 7, 2008, United States Magistrate John T. Maughmer entered a report and recommendation which recommended granting in part and denying in part the Motion to Suppress Identity Evidence. On April 16, 2008, defendant filed objections to the Report and Recommendation. The Court, after independent review of the record and applicable law, adopts and incorporates by reference herein, the Magistrate's findings and conclusions. Therefore, the Court hereby **GRANTS IN PART** and **DENIES IN PART** defendant's Motion to Suppress Identity Evidence (Doc. # 66). The statements made by defendant Bonilla-Siciliano during the custodial interrogation by Agent Sasse on August 24, 2006 are hereby suppressed. The fingerprint evidence and the incriminatory August 28, 2006 statement of defendant are not suppressed.

Defendant has also filed a Motion in Limine to preclude the Government from mentioning in the presence of the jury that he was initially arrested for allegedly sexually assaulting a female and that he was alleged or suspected of abusing illegal drugs and

committing street robberies.  Defendant also states that the Government through its proposed jury instruction 1.01 seeks to inform the jury that the defendant was convicted of the aggravated felony of carjacking.  Defendant asserts that this prior felony conviction is not an element of the offense described in 8 U.S.C. § 1326(a).

The Government states that it will not ask any questions referring to the uncharged attempted rape, but opposes defendant's request to preclude questions regarding the offensive conduct charge, because it states that it is crucial to establish why the Kansas City Police Department detained defendant and why Immigration and Customs Enforcement was contacted.  With regard to Jury Instruction 1.01, the Government states that the instruction quotes the Indictment which references the defendant's previous conviction and sentence.

The Court disagrees that reference to the offensive conduct charge is necessary to explain why the defendant was detained by the KCPD or why ICE was contacted.  Accordingly, the Government shall not make reference to this charge.

Accordingly, it is **ORDERED** that the magistrate's findings and conclusions are hereby adopted and incorporated herein by reference.  It is further **ORDERED** that defendant's Motion to Suppress Identity Evidence is hereby **GRANTED IN PART** and **DENIED IN PART** (Doc. # 66) and  Defendant's Motion in Limine is hereby **GRANTED** (Doc. # 86).


Date:  4/18/08             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri      Fernando J. Gaitan, Jr.
                           United States District Judge